The Court.
 

 If the facts stated in the affidavit were proved, viz:
 
 *512
 
 that the plaintiff in the judgment, John Hickman, gave his note to the defendant, Selby Hickman, on an agreement that it should be set off against the judgment, this court would carry out such agreement even against John Hickman’s assignee. For the judgment, not being a negotiable security, must be taken by the assignee, subject to the equities existing against it in the hands of the assignor. And this application being by motion on the equity side of the court, for its interference to prevent its own process from being used for purposes of injustice, the court has full power to interfere for such purpose.
 

 Ridgely,
 
 for the rule.
 

 Cullen,
 
 contra.
 

 But John Hickman, the assignor, and perhaps the only person by whom the facts relied on in the affidavit could be proved, has been examined by consent of both sides, and fully disproves the agreement; swearing positively to the contrary, that the bond and judgment being for ward’s money, and the note on a personal transaction, the agree ment between him and Selby Hickman was, that the note should in no respect interfere with the judgment: there is, therefore, no equity between the original parties to support this application.
 

 Rule discharged,